Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request, on behalf of the Conway Police Pension Relief Fund, for an opinion on several questions concerning the pension benefits of a divorced pensioner retired from a local policemen's pension fund. Specifically, your questions are as follows:
 1. A retiree is divorced and his ex-wife is collecting a percentage of his retirement check per order of a divorce decree. He has remarried, and the ex-wife is soon to remarry. The question is, when the ex-wife remarries, will she continue to collect the percentage of the retirement check?
 2. In the event of the retiree's death, does the ex-wife's benefit cease? If the answer is "no," then where does the retiree's share of the benefits go? If the answer is "yes," then where does the ex-wife's share of the benefits go?
 3. In the event of the retiree's death, does the present wife collect if they have been married for at least ten (10) years? If the answer is "yes," does the ex-wife continue to collect benefits and at what rate? Or, does the present wife receive all the benefits?
 4. In the event of the retiree's death, does the present wife collect if they have not been married for at least ten (10) years? If the answer is "no," does the ex-wife collect full benefits, continue her benefits, or no benefits at all? If the answer is "no," then where does the retiree's benefits go?
It is my opinion, in response to your first question, that an answer to this question can only be provided by the court which issued the divorce decree. The relevant statutes governing local police pension funds do not address the receipt of benefits pursuant to a divorce decree, or whether such benefits continue after remarriage of the spouse receiving benefits by virtue of such decree. The relevant subchapter does address the receipt of "death" benefits by a surviving spouse who remarries, and prohibits the receipt of such "death" benefits after remarriage. See
A.C.A. § 24-11-425(g). This provision, however, cannot be said to apply in the situation you describe, where the retiree is still living and an ex-spouse is receiving benefits by virtue of a divorce decree. Application must therefore be made to the court to determine the proper distribution of the pension payments after remarriage of the ex-spouse.
It is my opinion that the answer to the first part of your second question (whether an ex-spouse's benefits cease upon the death of the retiree), is "yes." See Op. Att'y Gen. 93-400 (copy enclosed). In response to the remainder of your second question, upon the retiree's death, benefits cease as to the retiree and as to the ex-spouse. Seeagain, Op. Att'y Gen. 93-400. Benefits will be distributed under the provisions of A.C.A. § 24-11-425. If there are any eligible dependent children, they may be eligible for surviving child benefits under A.C.A. § 24-11-425(e).
The first part of your third question is whether, in the event of the retiree's death, the present wife collects benefits if she was married for at least ten years to the retiree. In my opinion, the answer to this question will depend upon whether the marriage took place prior to, or after retirement, and whether the actuarial soundness of the pension fund will be affected. Section 24-11-425 (d)(1) provides that "[i]f any police officer marries after retirement, that surviving spouse shall be entitled to a pension under this subchapter if he or she has been married to the police office for a period of at least ten (10) years and if the actuarial soundness of the fund will not be adversely affected." If the retiree married his present wife after retirement, she would only be eligible for death benefits if they had been married at least ten years at the time of the retiree's death, and if the fund would remain sound. If the retiree married his current wife prior to retirement, there does not, from a review of the pension laws, appear to be any particular length of time the couple must have been married for her to be entitled to the death benefit. With regard to the last part of your third question, as to whether the ex-wife also continues to receive her benefits in this instance, I have already concluded above that in the event of the retiree's death, the benefits of the ex-wife must cease.
In response to your fourth question, (whether, in the event of the retiree's death, his present wife can collect death benefits if the couple had not been married ten years at the time of his death), it is my opinion that she is not eligible for such benefits if the marriage took place after retirement. If the marriage occurs after retirement, it must continue for ten years prior to death of the retiree in order to meet the first prong of eligibility for surviving spouse death benefits. If the marriage took place prior to retirement, she is eligible for benefits. Again, the ex-wife is entitled to no benefits after the death of the retiree.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh